IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LASHAWN EZELL,  <br><br>  Plaintiff,  <br><br>  v.  <br><br> CHICAGO POLICE OFFICERS JAMES CASSIDY (#2027), KENNETH BOUDREAU (#20435), LUKE DALY (#21064), FRANCIS VALADEZ (#21008), BERNARD RYAN (#20867), JOHN BLOORE (#3081), J. FINE (#20213), the ADMINISTRATOR OF THE ESTATE OF THOMAS COUGHLIN (#20983), THOMAS RICHARDSON (#3385), DWAYNE DAVIS (#21075), LARRY TUIDER (#1638), FRED BONKE (#2108), CHERYL GREEN (#10738), UNIDENTIFIED EMPLOYEES OF THE CITY OF CHICAGO, former COOK COUNTY STATE'S ATTORNEY JOSEPH ALESIA, the COUNTY of COOK, and the CITY OF CHICAGO,  <br><br>  Defendants. | No. 18 cv 1049  <br><br> Judge Virginia Kendall  <br><br> Magistrate Judge Cole  <br><br> JURY DEMAND |

## JOINT INITIAL STATUS REPORT

Counsel for Plaintiff LaShawn Ezell and counsel for the individual Defendant Officers, Defendant Alesia, and Defendant the City of Chicago ("Defendants") jointly file this initial status report as follows:

A. **Attorneys:** Attorneys of record and their affiliations and contact information are included in the service list, below.

*For Plaintiff LaShawn Ezell*: Jon Loevy, Tara Thompson, Elizabeth Mazur, and Katherine Roche of Loevy & Loevy.

***For Defendant City of Chicago*:** James G. Sotos, Jeffrey N. Given, Joseph M. Polick and Shawn W. Barnett of The Sotos Law Firm, P.C.

***For Police Officer Defendants*:** Eileen E. Rosen, Catherine M. Barber, and Andrew J. Grill of Rock Fusco Connelly LLC.

***For Defendant Alesia and Defendant Cook County*:** James E. Hanlon, Jr. of the Cook County State's Attorney's Office.

B. **Jurisdiction:** This Court has federal question jurisdiction under 28 U.S.C. § 1331, as Plaintiff brings his U.S. constitutional claims pursuant to 42 U.S.C. § 1983. The Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

C. **Claims:** Plaintiff LaShawn Ezell alleges that he was wrongfully convicted and imprisoned for armed robbery based primarily on a confession that was false and coerced by the Defendant Officers and Defendant Alesia. In particular, Plaintiff Ezell claims that Chicago Police Officer Defendants detained him without probable cause, in violation of the Fourth Amendment; suppressed and concealed exculpatory evidence and fabricated inculpatory evidence, in violation of his Fourteenth Amendment due process rights; and unlawfully coerced the false confessions not only of Plaintiff but also of his co-defendants, in violation of the Fifth and Fourteenth Amendments. Plaintiff alleges that each of the individual Defendants (including Defendant Alesia) conspired to deprive Plaintiff Ezell of his constitutionally-guaranteed right against self-incrimination, and that the Defendant Officers each conspired to suppress exculpatory evidence. All individual Defendants are alleged to have failed to intervene to prevent the violation of Plaintiff's constitutional rights. Plaintiff claims that each of these unlawful acts directly and proximately caused him to be prosecuted and convicted of a crime he did not commit.

As to the City of Chicago, Plaintiff claims that the above constitutional violations by the Defendant Officers were caused by the Chicago Police Department's widespread practices of coercing false confessions from innocent suspects, and particularly from juveniles, and failing to discipline police officers who committed such wrongdoing. Plaintiff further claims the City has *Monell* liability stemming from the pervasive code of silence within the Chicago Police Department, by which officers who regularly violated the rights of those in their custody were protected from discipline and allowed to act with impunity.

In addition to the federal claims, Plaintiff also asserts state law claims for malicious prosecution against the Defendant Officers and intentional infliction of emotional distress and conspiracy claims against all individual Defendants. Plaintiff asserts respondeat superior liability against the City of Chicago, and seeks indemnification from Cook County and the City of Chicago.

Defendants deny any wrongdoing and deny that they are liable for any injuries Plaintiff may have suffered.

D. **Legal and Factual Issues:**

Factual issues in this case include facts and circumstances of the following: Defendant Officers' investigation of the double homicide of Khaled Ibrahim and Yousef Ali; Plaintiff's arrest and the arrests of his co-defendants; Plaintiff's confession and the confessions of his co-defendants by the Defendant Officers and Defendant Alesia; Plaintiff's imprisonment and damages stemming from such imprisonment; and other acts of misconduct enforcement by certain individual Defendants.

Legal issues in this case include: whether the Defendant Officers' and Defendant Alesia forced Plaintiff and his co-defendants to make incriminating and false statements that led to their

3

convictions; whether the Defendant Officers suppressed material exculpatory evidence from Plaintiff Johnson; whether the Defendants conspired to deprive Plaintiff of his constitutional rights; and whether the Defendants were active participants in Plaintiff's arrest and prosecution, knowing there was not probable cause against him; whether the City had the customs, policies, and practices as alleged by Plaintiff; whether those municipal customs, policies, or practices caused the violation of Plaintiff's constitutional rights; and whether the City's official policymaker was deliberately indifferent to the known or obvious consequences of those alleged policies/practices.

Defendant Alesia denies that he in any way coerced Plaintiff's confession or that he participated in any conspiracy to deprive Plaintiff of his constitutional rights. Defendant Alesia states that his role was that of a prosecutor and thus is entitled to absolute immunity.

The City Defendants deny Plaintiff's allegations of misconduct and anticipate the primary factual and legal issues will be whether Plaintiff can meet his burden of proof on each element of each constitutional and state law claim alleged in his Complaint, and whether the Defendant Officers are entitled to qualified immunity.

E. **Relief Sought:** Plaintiff seeks compensatory damages from all Defendants and punitive damages from the Police Officer Defendants and Defendant Alesia, plus attorneys' fees from all Defendants.

F. **Service:** All Defendants have been personally served and/or executed waivers of service, with two exceptions: J. Fine is deceased and the administrator of the Estate of Thomas Coughlin has yet to be identified.

G. **Defendants' Motion For Reassignment:** Plaintiff's claims in this case -- the Plaintiff's arrest, prosecution, conviction, and reversal of that conviction for robbery and murder

-- arise from the same occurrences at issue in three other lawsuits currently pending in this district  Those cases are: *Johnson v. Cassidy et al*, No. 18 cv 1062 (assigned to Judge Lee); *Styles v. City of Chicago, et al.*, No. 18 cv 1053 (assigned to Judge Feinerman); *McCoy v. City of Chicago, et al.*, No. 18 cv 1068 (assigned to Judge Norgle). On April 12, 2018, Defendants filed a motion in this case (the first filed among the four) seeking reassignment of those three cases to this Court for all pre-trial proceedings.  When the parties appeared on that motion, the Court stated it is supportive of the idea of reassignment for pre-trial proceedings for reasons of judicial efficiency, but the Court did not make a final ruling at the hearing.  Instead, the Court directed the parties to ascertain the positions of Judges Lee, Feinerman, and Norgle on Defendants' motion.  To that end, Defendants filed a motion seeking those judges' positions.

On May 2, Judge Norgle entered a docket entry stating that "the Court has no objection to the routine application of Local Rule 40.4, as its application will not be exitious." *See* Ex. A (*McCoy* Dkt. 16).  On May 3, Judge Feinerman issued a docket entry stating:

> [T]his matter is entirely within Judge Kendall's discretion. If the optimal course at this point is for Judge Kendall to coordinate discovery, leaving for later the decision of which judge(s) will handle dispositive motions and/or trial, then perhaps a partial reassignment under IOP 13(e) would be appropriate. But, again, the ultimate decision lies with Judge Kendall.

*See* Ex. B (*Styles* Dkt. 36).  On May 9, Judge Lee held a status hearing on Defendants' motion and stated that he did not object to Defendants' request to reassign Johnson to this Court for all pre-trial proceedings, but that he also did not object if this Court wanted the Johnson case to stay with Judge Lee.

Plaintiff McCoy agrees with Defendants' motion.

Plaintiff Styles agrees that discovery should be coordinated across the four cases. Styles believes the decision on whether the cases should remain with their assigned Judge for trial and

5

dispositive motions should be held for decision until a later date, so it can be informed by the evidence adduced in discovery. At this point, Styles does not agree that the trials should be consolidated.

Plaintiff Johnson's position is set forth in a memorandum he filed in response to Defendants' motion filed before Judge Lee. *See Johnson v. Cassidy et al*, No. 18 cv 1062, Docket Entry 53. A copy of that memorandum is attached to this report as Ex. C.

Defendants stand on their original motion, and do not agree that consolidation for discovery alone is an effective or efficient solution.

H. Counsel for all parties across the four cases have conferred about an agreed upon discovery schedule, and propose the following:

a. Fact Discovery

(1) The parties to exchange MIDPP responses by June 29, 2018.

(2) The Parties to issue initial written discovery by July 30, 2018.

(3) Deadline to amend the pleadings (90 days after Rule 26(a) discovery exchanged): September 27, 2018.

(4) Fact discovery cut-off: May 31, 2019.

b. Expert Discovery

(1) Plaintiff's expert disclosures due by June 28, 2019.

(2) Defendants to depose Plaintiff's experts by July 30, 2019.

(3) Defendants' expert disclosures due by August 30, 2019.

(4) Plaintiff to depose Defendants' experts and disclose any rebuttal experts by September 30, 2019.

(5) Defendants to depose any rebuttal experts by October 30, 2019.

c. Dispositive motion deadline: December 5, 2019.

A. **Trial:** Plaintiff has demanded a jury trial. The earliest the parties will be ready for trial is after the Court has been able to rule upon dispositive motions, to be filed by November 4, 2019. The parties estimate the length of trial to be approximately two to three weeks.

B. **Consent.** The parties do not unanimously consent to proceed before a magistrate judge.

C. **Status of Settlement Discussions.** The parties have not had settlement discussions at this point.


Respectfully submitted:

/s/Elizabeth Mazur
*Counsel for Plaintiffs Ezell and Johnson*

Jon Loevy
Tara Thompson
Elizabeth Mazur
Katherine Roche
Loevy & Loevy
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
(312) 243-5900



/s/ Alexa Van Brunt
*Counsel for Plaintiff Johnson*

Locke E. Bowman
Alexa Van Brunt
RODERICK AND SOLANGE
MACARTHUR JUSTICE CENTER
Northwestern University School of Law
375 East Chicago Avenue

Chicago, Illinois 60611
(312) 503-0844


/s/ Jeffrey N. Given
*Counsel for Defendant City of Chicago*

James G. Sotos
Jeffrey N. Given
The Sotos Law Firm, P.C.
550 East Devon Avenue, P.C.
Itasca, Illinois 60143
(630) 735-3300


/s/ Eileen E. Rosen
*Counsel for Defendant Police Officers*

Eileen E. Rosen
Catherine M. Barber
Andrew J. Grill
Rock Fusco & Connelly, LLC
321 North Clark Street
Chicago, Illinois 60654
(312) 494-1000


/s/ James E. Hanlon, Jr.
*Counsel for Defendant Alesia and Cook County*

James E. Hanlon, Jr.
Cook County State's Attorney's Office
50 West Washington, Room 500
Chicago, Illinois 60602
(312) 603-3369


/s/ Terence H. Campbell
*Counsel for Plaintiff Styles*

Terence H. Campbell
Cotsirilos, Tighe, Streicker, Poulos & Campbell
33 N. Dearborn, Suite 600
Chicago, Illinois 60602
(312) 263-0345

/s/ Michael Oppenheimer
*Counsel for Plaintiff McCoy*

Jon Erickson
Michael Oppenheimer
Ronak Maisuria
Erickson & Oppenheimer, Ltd.
118 S. Clinton, Ste. 200
Chicago, Illinois 60661
(312) 327-3370

## CERTIFICATE OF SERVICE

    I Elizabeth Mazur, an attorney, certify that I served the foregoing status report upon all parties who have filed appearances via CMECF in the above-captioned case on Friday, May 11, 2018.

/s/Elizabeth Mazur