IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LaSHAWN EZELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 1049 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

On January 2, 2020, the plaintiffs, Lashawn Ezell, Larod Styles, Charles Johnson, and Troshown McCoy, filed with Judge Kendall a motion to appoint a special representative to defend the plaintiffs' action on behalf of deceased defendants, Joseph Fine and the estate of Thomas Coughlin. [Dkt. #165]. Judge Kendall referred the motion to me on January 8th, stating that it was to be included in the referral for discovery supervision. [Dkt. #169]. But despite its seemingly innocuous title, the motion seems to be dispositive as to the claims against two named defendants (or their estates). *See* Rule 72(b)(1); 28 U.S.C. §636(b)(1)(B).[1] Consequently, I believe my authority is limited to issuing a report and recommendation. Fed.R.Civ.P. 72(b).

---

[1] While the plaintiffs' motion does not seek dispositive relief, the effect of a denial would appear to preclude suit by the plaintiffs against the two deceased officers or their estates, and thus could fairly be classified as dispositive. If the disposition of a motion would have the same practical effect as disposition of a recognized dispositive motion, a magistrate judge can only issue a report and recommendation– regardless of the motion's title. It must not be forgotten that in all contexts substance, not form or labels, is controlling. *See Electric Bond and Security Company v. SEC*, 303 U.S. 419, 440 (1938); *DeSanto v. Pennsylvania*, 273 U.S. 34, 43 (1927)(Brandeis, J.)("The logic of words should yield to the logic of realities."). *See also Healthcare Industry Liability Insurance Program v. Momence Meadows Nursing Center, Inc.*, 566 F.3d 689 (7th Cir. 2009).

**A.**

As presented in the fashion it has been filed, a number of potentially significant issues and facts that would appear important have been ignored. Given the expertise and experience of the plaintiffs' lawyers, those omissions cannot be deemed the result of inadvertence or inexperience. Quite the contrary. In any event, time and again, we are reminded that ours is an adversary system and it is not a court's job to research and develop arguments on a party's behalf. *Gross*, 619 F.3d at 704; *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010); *United States v. McClellan*, 165 F.3d 535, 550 (7th Cir.1999); *Kay v. Board of Educ. of City of Chicago*, 547 F.3d 736, 738 (7th Cir. 2008); *Hartmann v. Prudential Insurance. Co. of America*, 9 F.3d 1207, 1214, (7th Cir.1993). *See also United States v. International Business Machines Corp.,* 517 U.S. 843, 855 (1996). *Kay v. Board of Educ. of City of Chicago,* 547 F.3d 736, 738 (7th Cir.2008) (Easterbrook, C.J.); *WWC Holding Co., Inc. v. Sopkin*, 488 F.3d 1262, 1279-1280 (10th Cir.2007) (Gorsuch, J., dissenting).

Given the significance of the relief plaintiffs' suit seeks – redress for over a decade of claimed wrongful incarceration – and the fact that plaintiffs have on occasion been successful on some occasions where, with all due respect, motions seemingly were granted almost routinely and without extensive analysis,[2] this report and recommendation has gone somewhat beyond the plaintiffs' necessarily partisan briefs, which, while citing a few cases have ignored a number of other

---

[2] Cases that contain mere conclusions without some explanation are often deemed unacceptable by the Court of Appeals. *See, e.g., E.E.O.C. v. United Airlines, Inc.*, 693 F.3d 760, 764 (7th Cir. 2012) (rejecting opinion for lack of analysis); *Szmaj v. Am. Tel. & Tel. Co.*, 291 F.3d 955, 956 (7th Cir. 2002)(the case provided at best only "weak authority " because there is no discussion of the point, only a conclusion). Also, the cases plaintiffs cited do not involve the significantly long delay in bringing a motion that the instant case does. *See DeLeon-Reyes v. Guevera*, 18 C 1028 [Dkt. #53](motion filed just three months after suit filed and "recently" after plaintiffs learned of death); *Jakes v. Boudreau*, 19 C 2204[Dkt. #35](motion filed just three months after suit filed); *Brown v. City of Chicago*, 18 C 7064 [Dkt. #8](motion filed two weeks after suit filed, and less than two weeks after plaintiffs learned of death); *Coleman v. City of Chicago*, 17 C 8696 [Dkt. #50](motion filed just three months after suit filed); *Starks v. City of Waukegan*, 09 C 348 [Dkt. #165](motion filed shortly after plaintiff learned of death)

significant authorities and statutes. Indeed, the plaintiffs' opening brief ignored a number of significant cases and statutes, while the latter cited no cases at all to support the plaintiffs' motion. But with all deference, that is an approach to brief writing that is not only unhelpful but has been severely criticized by the Seventh Circuit. *See, e.g., Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 703 (7th Cir. 2010); *Hill v. Norfolk & Western Ry. Co.*, 814 F.2d 1192, 1198 (7th Cir. 1987).

**A.**

The plaintiffs filed this case *two years ago*, on February 2, 2018, yet neither in their opening or reply brief have counsel given any explanation why they waited so long to seek appointment of a special representative to defend the cases on behalf of the deceased police officers. And, they give the court absolutely no clue as to why they waited so long to bring the present motion.[3] At the time plaintiffs filed suit, *they knew* defendant police officer, Thomas Coughlin, had died long before, in 2011, and although his estate had long been closed, they nevertheless named his estate as a defendant. [Dkt. # 165, ¶. 3]. That course of behavior is never explained – as it should have been and as one would have expected it to have been. Obviously, no service was ever effected on Mr. Coughlin's estate or any representative thereof; consequently, there was never any jurisdiction over Mr. Coughlin or his estate.

The plaintiffs tell us that they did not know that defendant police officer, Joseph Fine, had also died, so they named him as a defendant. Obviously, there was never any service on him. Plaintiffs claim they have since learned that he passed away in November of 2016. His estate, which

---

[3] Even in their reply brief, plaintiffs attempt no explanation for the incredibly lengthy delay in filing this motion, two years after initiating this lawsuit. [Dkt. # 172, at 2].

3

was probated in Wisconsin[4], has also closed, so there was never any possibility of service on the estate there. Although this case is two years old, making the timing of their knowledge significant, they do not share with the court when they found this out. [Dkt. # 165, ¶. 4; Dkt. # 172, at 2-3]. But we know from a related case, with Troshown McCoy as plaintiff, Erickson & Oppenheimer as counsel, and Officer Fine as a defendant, that they ought to have known at least as long ago as August 2, 2018. *McCoy v. Cassidy*, No. 18 C 1068 [Dkt. # 24, ¶. 13].

Moreover, the attorneys in this case are, to say the least, quite experienced in handling these types of proceedings against police officers. Yet they did not conduct a simple internet search which ought to have led them directly to the Fraternal Order of Police website and listings of names of deceased police officers. http://www.chicagofop.org/2016-departed-members. There seems to have been a misstep at every turn, despite there being 9 or 10 attorneys working for the plaintiffs. Missteps happen and often they are excused when explained. But plaintiffs' counsels' submissions here offer no explanations and no apologies.[5]

As was already said, motions such as this one have indeed been granted without discussion or analysis. But, given the foregoing facts – facts plaintiffs have either not tracked down or thought to share with the court – and the fact that plaintiffs have inexplicably waited so long to file this motion – contrary to plaintiffs' characterization [Dkt. # 165, ¶. 3] – this motion is anything but routine. Even counsel for plaintiff, Lashawn Ezell, has conceded, in another case, that when an

---

[4] In their reply brief plaintiffs change this fact, saying the estate was probated in Cook County. [Dkt. #4].

[5] The plaintiffs have thus far sought extensions of the deadline to amend their pleadings on five occasions. The first time was on November 29, 2018 [Dkt. # 143], at which time plaintiffs already knew their pleading were wrong as to both Officer Fine and the Estate of Officer Coughlin. Yet, at no time on any of these five occasions did the plaitniffs mention this to the court.

estate has been opened and closed, as the estates have here, it presents an "exceptional circumstance," *Jakes v. Boudreau*, 19 C 2204 [Dkt. # 40, at 2], not a routine one. Moreover, the few cases plaintiffs cite as having routinely granted motions like this, [Dkt. #165, at 4], are counterbalanced by cases where the court denied this type of motion. *See, e.g., Abernathy v. Village of Park Forest*, 16 C 2128 [Dkt. #185] (Dow, J.); *Kluppelberg v. Burge*, 13 C 3963 [Dkt. #87](Lefkow, J.); *Coleman v. McLaren*, 590 F. Supp. 38, 39 (N.D. Ill. 1984)(Shadur, J.). Clearly, more here should have been done than to have filed a *pro forma* motion and a reply brief that cites no cases and fails to deal with the Illinois statutes about this type of thing.

**B.**

Apart from an inadequate factual explanation of the background of what would appear to be certain key facts, Plaintiffs' motion begins with reference to Fed.R.Civ.P. 25(a)(1), which, as plaintiffs concede, provides for substitution of a party when that party dies *after* having been sued. There is, of course, no party to substitute here and never was.[6] Plaintiffs then tell us that "the Federal Rules of Civil Procedure are silent about the proper procedure when an individual dies before a complaint is filed." [Dkt. # 165, ¶. 6]. Arguably, but not exactly. The defendants were both deceased before plaintiff sued. The plaintiffs seem to think that no matter what, there has to be someone or something for them to sue, despite the fact that their own delay has brought the current circumstances

---

[6] Plaintiffs cite *Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995), *Anderson v. Romero*, 42 F.3d 1121 (7th Cir. 1994), and *Stewart v. Special Adm'r of Estate of Mesrobian*, 559 F. App'x 543, 548-49 (7th Cir. 2014), and say that "these Seventh Circuit decisions look to Illinois statutory scheme allowing a court to appoint a 'special representative' where a person who may bring an action or against whom an action may be brought dies before commencement of the action and the cause of action survives." [Dkt. #165, at 3]. That is not entirely accurate. *Ward* was about a *plaintiff* who died *while his case was pending*, 59 F.3d at 653, as was *Anderson*. 42 F.3d at 1122. *Mesrobian* did deal with a defendant who had died before the suit began, but while plaintiffs' brief cites the case, it ignore the statutes the court discussed therein. More on those later.

to bear; a delay that is pointedly unexplained.[7] Ordinarily it would be the defendants' estates that could be sued, but there aren't open estates anymore. Plaintiffs can't be blamed for being too late for Officer Coughlin's estate, but they can for being too late for Officer Fine's.

Obviously, plaintiffs can't manufacture some straw man defendant where there were no living defendants or open estates. Thus, what the problem plaintiffs have seems to be more of a capacity to be sued problem, as opposed to a substituting of a party problem, which falls under Fed.R.CivP. 17(b), which provides:

> Capacity to Sue or Be Sued. Capacity to sue or be sued is determined as follows:
>
> (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
>
> (2) for a corporation, by the law under which it was organized; and
>
> (3) for all other parties, by the law of the state where the court is located, . . . .

Plaintiffs do not explain why Rule 25, and not Rule 17, is their chosen jumping off point, especially when all seem to concede that Rule 25 is definitely not applicable. But, it does appear that, in either case, the court would be directed to Illinois law. Fed.R.Civ.P. 17(b)(3). Illinois courts long ago established that "[a] deceased person cannot be a party to a suit because such is a nonexistent entity and the proceedings are void *ab initio*." *Reed v. Long*, 122 Ill. App. 2d 295, 297

---

[7] Almost implicit in the current motion is the unspoken contention that a terrible wrong allegedly has been committed by two deceased police officers and that the plaintiffs must have their day in court and the ability to rectify what they contend is the grievous wrong done to them. But that's not accurate. Even "[t]he Constitution does not provide a remedy for every wrong that occurs in society." *Cooksey v. Boyer,* 289 F.3d 513, 516 (8th Cir.2002). And statutes of limitations can bar otherwise meritorious suits, leaving aggrieved potential defendants with no one to sue and no basis for recovery. *Heiman v. Bimbo Foods Bakeries Dist. Co.*, 902 F.3d 715 (7th Cir. 2018). Yet, statutes of limitations are not deemed to be arbitrary obstacles to the vindication of just claims, and are not given a grudging application. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452-453 (7th Cir. 1990). So too here.

(1970). Thus, in general, "[p]roceedings against an individual who is deceased at the time of the filing of suit are a nullity." *Volkmar v State Farm Mutual Automobile Insurance Co.*, 104 Ill. App. 3d 149, 151 (2001). *See, generally, Mendrala v. Coghlan*, 2018 WL 2972823, at *2 (Ill. App. 2018). Simply put, "[i]f a person is already dead when an action is asserted against him or her, the proceedings will not invoke the trial court's jurisdiction, and any judgment entered in the case will be a nullity." *Relf v. Shatayeva*, 998 N.E.2d 18, 24 (Ill.App. 2013). So, of course, in most instances, it is the decedent's estate that should be made defendant. But, not, it would appear, forever. For everything there is a season – even for such mundane questions as substitution of parties.

Under Illinois law, the capacity of an estate to be sued is limited. The real problem is that if there is no estate to be sued, a court would have no authority to adjudicate claims against it. *United States v. Stavros*, 2002 WL 31545918, at *2 (N.D. Ill. 2002); *In re Estate of Gebis*, 186 Ill. 2d 188, 196 (1999)(court lacks authority to adjudicate a claim against a decedent's estate that does not exist). But plaintiffs' motion and supporting briefs fail to properly analyze such issues and pursue a different path.

**B.**

As plaintiffs point out, Section 5/13-209(2) of the Illinois Code of Civil Procedure provides that the court "may appoint a special representative for the deceased party for the purposes of defending the action." But that's only if "a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred." 735 ICSA 5/13-209(b). While plaintiffs contend that their claims against Officer Coughlin and Officer Fine survive the defendants' deaths, the two Seventh Circuit cases they rely on [Dkt. # 165, Par. 8] say only that such claims survive the death of the

*plaintiff. See Bennett v. Tucker*, 827 F.2d 63, 68 (7th Cir. 1987)("... personal injury claims survive the death *of the plaintiff*. Because this provision is not inconsistent with federal law, we adopt its rule of survivorship . . . ."); *Anderson v. Romero*, 42 F.3d 1121, 1123 (7th Cir. 1994)("We held in *Bennett v. Tucker, supra*, that Illinois's rule for personal injury suits—the rule that such suits survive the *plaintiff's* death unless they are suits for defamation . . . ."). For obvious reasons, the death of a plaintiff with a claim is not the same type of thing as the death of a defendant, who is allegedly responsible for a wrong.

It is important to stress that under Illinois law, personal injury actions survive the death of the party defendant, but *only if* not otherwise barred by an estate claim period. *Lindsey v. Special Adm'r of Estate of Phillips*, 579 N.E.2d 445, 447, 219 Ill. App. 3d 372, 375 (1991). Plaintiffs brief and reply brief ignore this proviso, and also ignore the clause in Section 209(b) about appointment of a representative only if the surviving claim is "not otherwise barred." But avoidance is not analysis. *Cf. Parents Involved in Community Schools v. Seattle School Dist. No. 1*, 551 U.S. 701, 735-736 (2007)*; Martin v. Marinez,* 934 F.3d 594 (7th Cir. 2019); *Bingham v. New Berlin School Dist.,* 550 F.3d 601, 605 (7th Cir.2008); *United Auto. Ins. Co. v. Veluchamy,* 2010 WL 889980, 3 (N.D.Ill.2010).

Once Officers Coughlin and Fine died, plaintiffs had two years to sue their estates. *Stewart v. Special Adm'r of Estate of Mesrobian*, 559 F. App'x 543, 548 (7th Cir. 2014)(". . . the application of Illinois law would bar [plaintiff's] suit unless the estate is covered by liability insurance because [defendant] died more than two years before [plaintiff] filed his complaint."); 755 ICSA 5/18-12 (". . . all claims which could have been barred under this Section are, in any event, barred 2 years after decedent's death, whether or not letters of office are issued upon the estate of the decedent."). As

8

the Seventh Circuit explained in *Killian v. Concert Health Plan*, 742 F.3d 651 (7th Cir. 2013):

> [755 ILCS 5/]18–12(b) provides that "[u]nless sooner barred under subsection (a) of this Section, all claims which could have been barred under this Section are, in any event, barred 2 years after decedent's death, whether or not letters of office are issued upon the estate of the decedent." 755 ILCS 5/18–12(b). "The filing of a claim within the period specified by section 18–12 is mandatory." *In re Estate of Hoheiser*, 97 Ill.App.3d 1077, 53 Ill.Dec. 612, 424 N.E.2d 25, 28 (1981). And the failure to file a claim within this statutory period is a bar to recovery, even if the executor had personal knowledge of the claim. *Id.* Further, "where a legal claim should have been, but was not, filed against an estate within the statutory period, relief will not be accorded by the application of equitable principles." *In re Estate of Ito*, 50 Ill.App.3d 817, 8 Ill.Dec. 847, 365 N.E.2d 1309, 1311 (1977). In short, "[n]o exception to the filing period may be engrafted by judicial decision."

*Id*. at 685.

Plaintiffs ought to have addressed this as well, and should have taken heed of the part about equitable principles. Officer Coughlin died *seven years* before plaintiffs filed suit and plaintiffs knew this before they filed. It must have occurred to them that the limitation on claims against the estate had, obviously, long since expired. How can plaintiffs expect their motion be granted if they do not even address such obstacles or explain why they were missed or ignored through two rounds of briefing?

As for the late Officer Fine, when plaintiffs named him personally as a defendant, he was deceased and, as we know, had no capacity to be sued; the suit against him was a nullity. *Relf*, 998 N.E.2d at 24; *Reed*, 122 Ill. App. 2d at 297; *Volkmar*, 104 Ill. App. 3d at 151; *Mendrala*, 2018 WL 2972823, at *2. Unlike the situation with Officer Coughlin, plaintiffs claim they did not know Officer Fine had died when they sued him. But, the plaintiffs don't point to anything that would get them out from under that bar of their claim. Ordinarily, that means any argument they might make along those lines their argument is deemed waived. *United States v. Cisneros*, 846 F.3d 972, 978

9

(7th Cir. 2017) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."); *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). *See also Green v. Junious*, 937 F.3d 1009, 1015 (7th Cir. 2019); *Matter of Lisse*, 921 F.3d 629, 641 (7th Cir. 2019).

It would seem that plaintiffs' only hope might be found under 735 ILCS 5/13–209(c), which applies to instances where a plaintiff doesn't know a defendant has died when they file suit[8]:

> (c) If a party commences an action against a deceased person whose death is unknown to the party before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, the action may be commenced against the deceased person's personal representative if all of the following terms and conditions are met:
>
> > (1) After learning of the death, the party proceeds with reasonable diligence to move the court for leave to file an amended complaint, substituting the personal representative as defendant.
> >
> > (2) The party proceeds with reasonable diligence to serve process upon the personal representative.
> >
> > (3) If process is served more than 6 months after the issuance of letters of office, liability of the estate is limited as to recovery to the extent the estate is protected by liability insurance.
> >
> > (4) In no event can a party commence an action under this subsection (c) unless a personal representative is appointed and an amended complaint is filed within 2 years of the time limited for the commencement of the original action.

---

[8] *See, e.g., Relf v. Shatayeva*, 998 N.E.2d 18, 25 (Ill. 2013)*("*The provisions of section 13–209(b) presuppose that the plaintiff is aware of the defendant's death at the time he or she commences the action. A separate set of requirements apply where, as in this case, the defendant's death is not known to plaintiff before expiration of the limitations period and, unaware of the death, the plaintiff commences the action against the deceased defendant directly.").

735 ILCS 5/13–209(b).

Reasonable diligence is certainly the key here. There is nothing in plaintiffs' motion or reply brief to suggest they proceeded with reasonable diligence. They fail to indicate when they learned of Officer Fine's death, so we have to assume they learned of it no later than August 2, 2018. That means they waited at least 16 months after they knew Officer Fine had died to bother filing this motion. Plaintiffs do not address this issue and thus on this record there is no excuse or justification for their delay.

## CONCLUSION

It is impossible to ignore the many questions the plaintiffs' filings raises and leaves unanswered. But, silence like obliquity can be eloquent. *United States v. Curescu*, 674 F.3d 735, 740 (7th Cir. 2012). It certainly is here and cannot be attributed to inadvertence or lack of experience on the part of the authors of the plaintiffs' briefs. Accordingly, it is recommended that the plaintiffs' motion be denied. Of course, the parties are now entitled to a *de novo* review of these many issues and problems if they appropriately file objections within 14 days. Fed.R.Civ.P. 72(b).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/17/20