IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LASHAWN EZELL, | ) | Case No. 18 CV 01049 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Hon. Judge Kendall |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE COLE'S
JANUARY 17, 2020 REPORT AND RECOMMENDATION**

Plaintiff Lashawn Ezell, by and through his attorneys, respectfully submits the following as his Objections to the Report and Recommendation issued by Magistrate Judge Cole on January 17, 2020 (Dckt. No. 175). Plaintiff further requests that the Court hold in abeyance its consideration of these objections pending Judge Cole's ruling on our motion to reconsider in part his January 17, 2020 Report and Recommendation, which was also filed today and is attached as Exhibit A. In support, Plaintiff states as follows:

1. Lashawn Ezell was wrongfully convicted of supposedly playing a part in an armed robbery and double murder that happened at a used car dealership on the south side of Chicago in December of 1995 when Ezell was just 15 years old. He spent years in prison and was not able to prove his innocence until decades later. The Chief Judge of Cook County, with the agreement of the State's Attorney, issued Ezell a Certificate of Innocence on January 22, 2018.

2.  In February 2018, Ezell and his co-defendants filed lawsuits[1] against the City of Chicago and its current and former employees, as well as a prosecutor, who were each responsible for their wrongful arrests, extractions of false confessions, and wrongful convictions and imprisonments. The four cases were consolidated before this Court "for the purpose of Discovery and the filing of Motions to Dismiss"[2] but not for dispositive motions. (Dckt. No. 46).

3.  One of those officers was a former Chicago Police officer named Thomas Coughlin, who died in 2001. In their Complaints, Ezell and his co-Plaintiffs named the Estate of Thomas Coughlin as a defendant. (Dckt. No. 1.) Because Coughlin had passed away years before, the Circuit Court of Cook County probate court had already closed his estate. As the Court knows, the City of Chicago, by statute (65 ILCS 5/1-4-5), must indemnify former officers like Coughlin – including after they have passed away – for the type of civil rights violations at issue in this case. Ezell and his co-Plaintiffs are not seeking any monetary judgment against Coughlin or his estate beyond that which is covered by the City's indemnification. And the City of Chicago – the real party at interest in terms of Coughlin because of the indemnification – is represented and its counsel have been fully involved in the litigation of this case from the outset. Former Officer Coughlin's purported role in the misconduct has become more evident as Defendants have been deposed in this case.

4.  Because Mr. Coughlin's estate was closed several years ago, long before Ezell's claim even accrued, Ezell and co-Plaintiffs Styles and Johnson recently asked the Court to

---

[1] The three other suits are *Styles v. City of Chicago, et al.*, Case No. 18 CV 1053, *Johnson v. City of Chicago, et al.*, Case No. 18 CV 1062, and *McCoy v. City of Chicago, et al.*, Case No. 18 CV 1068, each currently pending in the U.S. District Court for the Northern District of Illinois before a different Judge.

[2] No motions to dismiss were filed by any of the Defendants.

appoint a special representative for Coughlin's estate. That motion was then referred to Magistrate Judge Cole. On January 17, 2020, Judge Cole issued a Report and Recommendation in which he recommended ruling against the Plaintiffs' request to appoint a special representative for Mr. Coughlin's estate and another deceased named defendant, with the effect being that all Ezell's claims against those Defendants would be dismissed and that Ezell (and his co-Plaintiffs) would be barred from pursuing the one and only relief they have ever sought as to Coughlin: statutory indemnification by the City for his misconduct. (Dckt. No. 175.) Because Plaintiffs believe Judge Cole misapprehended certain material matters, today we filed a Motion to Reconsider asking Judge Cole to reconsider his Report and Recommendation, which motion is attached hereto as Exhibit A. This motion has been noticed before Judge Cole for February 6, 2020.

5. To be certain there is no claim that we did not timely file Objections to the original January 17 Report and Recommendation, we are making this filing – including particularly the contents of Exhibit A hereto – as our Objections, but also respectfully ask this Court to await Judge Cole's ruling on our Motion to Reconsider before taking up these objections. Plaintiffs make these filings before their respective assigned courts and not jointly before this Court because Judge Cole's Report and Recommendation, if adopted, would constitute a dispositive ruling that terminates all claims involving Mr. Coughlin's misconduct and indemnification by the City therefor, and dispositive rulings are not part of the consolidation order and remain the province of the judge assigned to the individual cases.

WHEREFORE, Plaintiff Lashawn Ezell respectfully submits these Objections to Magistrate Judge Cole's January 17, 2020 Report and Recommendation (Dckt. No. 175), and

3

further requests that this Court hold it abeyance its consideration of same pending Judge Cole's ruling on our contemporaneously-filed Motion to Reconsider his Report and Recommendation.

Respectfully submitted,

/s/ Tara Thompson
**Counsel for Plaintiff**
Arthur Loevy
Jon Loevy
Tara Thompson
Joshua Tepfer
Katherine Roche
Loevy & Loevy
311 N. Aberdeen
Third Floor
Chicago, Illinois  60607
(312) 243-5900

## Certificate of Service

I, Tara Thompson, an attorney, hereby certify that on January 31, 2020, I caused to be served upon all parties of record a copy of the attached Objections by filing the same through the Court's CM/ECF system.

/s/ Tara Thompson