IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LaSHAWN EZELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 1049 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs have filed a Motion for Reconsideration of the Report and Recommendation [Dkt. 189] issued on January 17, 2020 [Dkt. #175], recommending that plaintiffs motion to appoint a special representative for the estates of defendants Coughlin and Fine be denied. The motion concedes that the plaintiffs are not entitled to have a representative appointed for defendant Fine, but seeks reconsideration of the recommendation as to Coughlin. [Dkt. # 189, at 1].

As the plaintiffs admit, motions for reconsideration should be rare. They should be almost non-existent when a Report and Recommendation is involved. That's because, until *de novo* review, a Report and Recommendation is a nullity. *See* 28 U.S.C. Sec. 636(b)(1)(B); *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 869 (7th Cir. 1996). "*De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). In the context of *de novo* review of a district court opinion, the Seventh Circuit has suggested the lower court's decision is "irrelevant." *Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir. 1988).

Beyond that, as the plaintiffs acknowledge, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). They are not appropriate vehicles to advance arguments or legal theories that could and should have been made before the Court entered its order. *Caisse Nationale.* 90 F.3d at 1270. But that's what plaintiffs have done here, conceding that they dropped the ball in terms of "the tone and approach in [their] original pleadings" and "resolve to do a better job in the future . . . ." [Dkt. # 189, at 10]. But the very limited circumstances allowing for reconsideration do not allow for do-overs." *Luxottica Grp. S.p.A. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 2019 WL 2357011, at *1 (N.D. Ill. June 4, 2019); *Hutchens v. McDonogh*, 2013 WL 11322823, at *1 (N.D. Ill. Oct. 28, 2013); *see also Hall v. Vill. of Flossmoor*, Ill., 520 F. App'x 468, 471 (7th Cir. 2013)(no do-over allowed in the appellate court when lawyer bypassed ample opportunity to present all available evidence to the district court). *De novo* review, of course, allows far more latitude; that's clearly the route plaintiffs ought to have taken here.

To review, in the initial go-round, the plaintiffs filed a fourteen-paragraph motion to appoint a special representative for the estates of defendants, Coughlin and Fine. They claimed they knew Coughlin was deceased and his estate closed but, nevertheless, named his non-existent estate as defendant. [Dkt. # 165, Par. 3]. They offered no explanation for this and do not now. They claimed, without any support, that their request was routine [Dkt. #165, Par. 5], but elsewhere plaintiffs' counsel has described the situation here – where an estate has been opened and closed – as an "exceptional circumstance." *Jakes v. Boudreau*, 19 C 2204 [Dkt. # 40, at 2]. So, it was not routine. Notably, the original motion failed to differentiate between the situations of Coughlin and Fine at all. [Dkt. #165, Pars. 6-12]. Plaintiffs now concede they were not entitled to relief as to defendant,

Fine. If, as the original motion indicated, Fine is no different that Coughlin, the motion for reconsideration is all the more surprising. Also, along the way, in their original motion, the plaintiffs cited a number of cases – *Anderson*, *Ward*, and *Bennet*, for example – that did not support what they claimed. [Dkt. #165, Pars. 7, 8; Dkt. #178, at 5 n.6, 7-8]. The plaintiffs also, as described in the Report and Recommendation, skirted significant facts. The list could go on but, clearly, these circumstances are inappropriate for a motion for reconsideration.

Moreover, beyond the fact that the motion for reconsideration inappropriately seeks to develop arguments and raise issues that ought to have been developed and raised in their first try, the motion continues to leave important questions, raised in the Report and Recommendation, unaddressed. For example, why name a non-existent, closed estate as defendant when you knew it was non-existent and closed? And, most significantly of all, in view of the fact that plaintiffs must show that they acted with diligence in bringing this motion, what were they doing in the year that passed between the time they filed this case on February 12, 2018 – with the knowledge that they named a non-existent estate as defendant – and the time they filed their motion to name a representative on January 2, 2020? The silence is deafening. Silence like obliquity can be eloquent. *United States v. Curescu*, 674 F.3d 735, 740 (7th Cir. 2012). *Muhammad v. Oliver*, 547 F.3d 874, 877 (7th Cir. 2008)("[I]f there is an executed standstill agreement, one would expect an allegation to that effect. There is none. The complaint's silence is deafening."). Although this troubling aspect of the plaintiff's approach was made emphatically clear early on in the Report and Recommendation, plaintiffs do not address this remarkable and significant delay in their motion for reconsideration [Dkt.#189, at 9-10], after ignoring it in their motion and reply brief as well.

3

The cases plaintiffs cited and continue to cite in support of the relief they seek do not involve anything even approaching a two-year delay. *See DeLeon-Reyes v. Guevera*, 18 C 1028 [Dkt. #53](motion filed just three months after suit filed and "recently" after plaintiffs learned of death); *Jakes v. Boudreau*, 19 C 2204[Dkt. #35](motion filed just three months after suit filed); *Brown v. City of Chicago*, 18 C 7064 [Dkt. #8](motion filed two weeks after suit filed, and less than two weeks after plaintiffs learned of death); *Coleman v. City of Chicago*, 17 C 8696 [Dkt. #50](motion filed just three months after suit filed); *Starks v. City of Waukegan*, 09 C 348 [Dkt. #165](motion filed shortly after plaintiff learned of death). The Report and Recommendation pointed this out [Dkt. # 175, at 2 n.2], but plaintiffs ignore the point. The technique of brief writing that puts out of view the very existence of principles and cases that are central to any informed and meaningful analysis of the relevant principles involved in the case has been severely and continuously criticized. *See, e.g., Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147, 156 (1969); *Hill v. Norfolk & Western Ry. Co.,* 814 F.2d 1192, 1198 (7th Cir.1987) ("The ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist is as unprofessional as it is pointless."). *Accord, Fred A. Smith Lumber Company v. Edidin,* 845 F.2d 750, 753 (7th Cir.1988). *See also Bingham v. New Berlin School Dist.,* 550 F.3d 601, 605 (7th Cir.2008) (in issuing rule to show cause, the court noted, plaintiff's "attorneys chose instead simply to ignore the controlling recent authority of the highest Court."). Here, the defendant has ignored scores of singularly relevant cases from the Seventh Circuit, which of course control disposition of the present motion.

The Motion for Reconsideration is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 2/3/20