IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LASHAWN EZELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 1049 |
| v. | ) | |
| | ) | Hon. Virginia M. Kendall |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| LAROD STYLES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 1053 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| CHARLES JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 1062 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs LaShawn Ezell, Larod Styles, Charles Johnson, and Troshawn McCoy each filed a nearly identical civil rights action against the City of Chicago, Cook County, a number of Chicago Police Officers, and former Cook County State's Attorney Joseph Alesia. Each asserts claims stemming from his wrongful conviction in 1998 for crimes related to the double murder of Khaled Ibrahim and Yousef Ali. Plaintiffs' cases were consolidated before this Court for the purpose of discovery. (Dkts. 39, 46). On January 17, 2020, Magistrate Judge Jeffrey Cole issued a Report

1

and Recommendation ("R&R") in the above-entitled matter recommending the Court deny Plaintiffs' Motion to Appoint Special Representatives for the estates of Thomas Coughlin and Joseph Fine. (Dkt. 175). Plaintiffs now object only to Judge Cole's recommendation to deny the Motion to Appoint a Special Representative for the estate of putative defendant Coughlin. For the following reasons, the Court hereby adopts the R&R and declines to appoint a Special Representative for putative defendant Coughlin's estate.

## BACKGROUND

This opinion assumes familiarity with the relevant facts and procedural background in this case as the history of this case is more fully recounted in prior opinions of this court. (*See* Dkt. 130). Plaintiffs filed specific objections to Judge Cole's R&R, objecting to Judge Cole's recommendation that the Court dismiss Plaintiffs' Motion to Appoint a Special Representative for putative defendant Coughlin's estate, who died in 2001. (Dkts. 191, 200). Plaintiffs do not object to Judge Cole's recommendation that the Court dismiss Plaintiffs' Motion to Appoint a Special Representative for putative defendant Joseph Fine. (*Id.*). Judge Cole's R&R recommended that the Court dismiss Plaintiffs' motions because Plaintiffs knew that both Coughlin and Fine died years prior to initiating their lawsuit and proceeded to take zero action to bring the suit against their estates for about two years. (Dkt. 175). Judge Cole further noted that Plaintiffs' claims against Coughlin were barred under 755 ICSA 5/18-12, but that inexplicably Plaintiffs did not discuss this issue in their motions. (Dkt. 175 at 8-9). Judge Cole further recommended that Plaintiffs' claims

against Fine should be dismissed because they failed to act with reasonable diligence in pursuing their claims against his estate as required by 735 ILCS 5/13–209(c). (*Id.* at 10-11). Plaintiffs then filed a Motion for Reconsideration before Judge Cole, claiming that Illinois law allows estates to be sued more than two years after the decedent's death for insurance-covered disputes, which they argue applies to this case. (Dkt. 189 at 3-5). Plaintiffs also argued that Judge Cole had the authority to appoint a special representative under 735 ILCS 5/13-209(b)(2), or in the alternative, to allow the plaintiffs the opportunity to re-open the defendant estate in state probate court. (*Id.* at 6-8). Finally, Plaintiffs addressed the main reasoning of Judge Cole's recommendation by arguing their timing was appropriate and providing threadbare excuses for their delay. (*Id.* at 9-10). Judge Cole rejected all arguments, noting that a Motion for Reconsideration is an inappropriate place for Plaintiffs to advance arguments they could have made earlier. (Dkt. 194 at 3).

## **LEGAL STANDARD**

Plaintiffs timely filed their objections to the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Pursuant to Rule 72(b), a district court reviews *de novo* any portion of the magistrate judge's report and recommendation to which specific written objections have been filed, although it need not conduct a new hearing. *Goffman v. Gross*, 59 F. 3d 668, 671 (7th Cir. 1995); *see also Mouloki v. Epee*, 2018 WL 2096376, *2 (N.D. Ill. May 7, 2018). This court makes the ultimate decision to adopt, reject, or modify the recommendation, or return it to the magistrate judge with further

3

instructions. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009), Fed. R. Civ. P. 72(b)(3)

## DISCUSSION

Plaintiffs only object to Judge Cole's recommendation that the Court deny Plaintiffs' Motion to Appoint a Special Representative. (Dkt. 191 at 2). Because Plaintiffs fail to properly address their approximately two-year delay in seeking to appoint a Special Representative, the Court adopts Judge Cole's Report and Recommendation and denies Plaintiffs' Motion to Appoint a Special Representative for Coughlin's estate.

### I. Plaintiffs Fail to Properly Address their Lengthy & Inappropriate Delay in Seeking Appointment

Judge Cole found that there was no justification for Plaintiffs' delay in seeking to appointment a Special Representative. Plaintiffs knew prior to commencing suit that Coughlin had died in 2001.[1] They had approximately two years after their initial filing to seek appointment of a representative and instead squandered this time. Plaintiffs state that they exercised "reasonable (though not perfect") diligence, given this litigation's practical realities and procedural history." (Dkt. 200 at 11). Plaintiffs excuse their complacency to this important motion by stating that because they filed their motion to appoint special representatives for the estate within the deadline for amending the pleadings, they were reasonably diligent. (*Id.* at 12). They point out

---

[1] The Court notes that in his R&R, Judge Cole wrote that Coughlin died in 2011. Plaintiffs explain that "[d]ue to a typographical error, Plaintiff's motion stated that Coughlin died in 2011. This date was then adopted in the Report, which stated that "Officer Coughlin died seven years before plaintiffs filed suit." Ezell Dkt. 175 at 9. In fact, Officer Coughlin died in 2001." Dkt. 200 at 6, fn 12.

4

that they cannot serve Coughlin's estate because it is not open.[2] (*Id.* at 12). Yet, the Plaintiffs still do not address why they waited an inappropriately long time to seek the Appointment of a Special Representative when they could and should have done so earlier and none of their proffered explanations justify this. If, as Plaintiffs urge, Coughlin played an integral role in the harm suffered by Plaintiffs, (*Id.* at 2), the issue of their delay becomes even more flagrant as Plaintiffs should have sought to appoint a representative quickly rather than let the issue pend for years.

      Plaintiffs do not cite any support to justify their delay, nor can they. As pointed out by Judge Cole in his denial of Plaintiffs' Motion for Reconsideration of the Report and Recommendation (Dkt. 194), the cases Plaintiffs cite as support for their requested relief only highlight how egregious their delay was given that the appointment of a special representative is something routinely performed within the first few months of litigation. *See DeLeon-Reyes v. Guevera*, 18 C 1028 (Dkt. #53) (motion filed just three months after suit filed and "recently" after plaintiffs learned of death); *Jakes v. Boudreau*, 19 C 2204 (Dkt. #35) (motion filed just three months after suit filed); *Brown v. City of Chicago*, 18 C 7064 (Dkt. #8) (motion filed two weeks after suit filed, and less than two weeks after plaintiffs learned of death); *Coleman v. City of Chicago*, 17 C 8696 (Dkt. #50) (motion filed just three months after suit filed); *Starks v. City of Waukegan*, 09 C 348 (Dkt. #165) (motion filed shortly after plaintiff

---

[2] The Court notes that these arguments were not made in front of Judge Cole. As this Court has previously stated, "[a]rguments not made before a magistrate judge are generally waived." *Central States v. Sara Lee Bakery Group, Inc.*, 2011 WL 862040 at *2 (N.D. Ill., Mar. 10, 2011). While the Court does not have to pay credence to these arguments, they are unavailing in any event as they fail to properly justify Plaintiffs' delay.

learned of death). Plaintiffs do not dispute the weight of the authority supports indicates that such motions should be filed promptly; nor do they provide a response to Judge Cole's arguments. Instead, they continue to blithely referencevthe above cases, ignoring that their delay is unlike any in the cases they cite.

As indicated by Judge Cole, there are several important questions that Plaintiffs ignored when requesting reconsideration, and that they continue to ignore now in their objection. At the forefront of these questions is why name a non-existent, closed estate as defendant when you knew it was non-existent and closed? Plaintiffs have now been afforded numerous opportunities to explain themselves, and yet they fail to do so. *Hill v. Norfolk & Western Ry. Co.*, 814 F.2d 1192, 1198 (7th Cir.1987) ("The ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist is as unprofessional as it is pointless.")). Because Plaintiffs did not act reasonably in seeking an appointment of a special representative, and they have repeatedly failed to justify their failure, the Court adopts Judge Cole's recommendation and his reportin full.[3] Plaintiffs Motion to Appoint a Special Representative for Coughlin's estate is denied.

---

[3] The Court notes that Judge Seeger also denied McCoy's Motion to serve the estates, after initially ordering them to serve the estates by December 31, 2019, because of McCoy's failure to serve the estates without good cause. 18 C 1068, Dkt. 54. The remaining three Plaintiffs filed the Motion to Appoint a Special Representative for the estates on the day Judge Seeger denied McCoy's Motion. The Plaintiffs have had ample notice that their delay was unjustified, even prior to their Motion to Appoint a Special Representative before Judge Cole.

6

### II. Plaintiffs Cannot Avail Themselves of Exceptions in the Illinois Probate Act Because It Has No Bearing on the Timeliness of their Motion

Plaintiffs, continuing to ignore that it was their own faulty judgment that has led to this result, seek to advance alternative arguments that did not bear on Judge Cole's decision. Plaintiffs argue that their claims are not time-barred and that the section of the Illinois Probate Act which Judge Cole "based" his decision, 755 ILCS 5/18-12(b), "specifically provides for exceptions to the two-year rule. In particular, the two-year limitations provision 'does not bar actions to establish liability of the decedent to the extent the estate is protected by liability insurance.'" (Dkt. 200 at 7, citing 755 ILCS 5/18-12(c)). The Court disagrees with Plaintiffs that Judge Cole "based" his R&R on 755 ILCS 5/18-12(b), which the Plaintiffs admit in a footnote. (Dkt. 200 at 5, fn. 11, stating "The Report did not explicitly conclude that this was an insurmountable bar, but faulted Plaintiffs for failing to address the issue in their briefing, or earlier in the litigation").

Judge Cole was quite clear that he was basing his decision on the timeliness of the request. In fact, Judge Cole cited 755 ILCS 5/18-12 *sua sponte* in his discussion on Section 5/13-209(2) of the Illinois Code of Civil Procedure to highlight that Plaintiffs inexplicably did not address this potential issue in their initial motion nor in their reply. (Dkt. 175 at 7-9). The Court will thus not reach the issue of whether 755 ILCS 5/18-12(b) would allow the relief sought as it is sufficient grounds to

7

determine that Plaintiffs were untimely in their motion.[4] It is clear that this issue has no bearing when their Motion to Appoint a Special Representative came as delayed as it did and when Plaintiffs had ample opportunity to put forth these arguments before the magistrate but chose not to do so.

### III. Plaintiffs' Request that Coughlin and Fine Be Added to Special Verdict Forms Is Not an Objection and Is Inappropriate at this Stage

A party has 14 days to file specific objections to any findings and conclusions in the R&R, and the opposing party may file a response 14 days after the filing of the lodged objections. Fed. R. Civ. P. 72(b)(2). Plaintiffs now request that Coughlin and Fine be added to Special Verdict Forms, something that was not at issue in Judge Cole's R&R and to which the Plaintiffs, therefore, cannot properly object. The Court will therefore not rule on this issue. In any event, the timing is improper. Issues such as names on a Special Verdict Form should be decided once trial approaches, at the very least, after the Summary Judgment stage. The instant litigation is currently far from this point.

---

[4] The Court will note, however, that in the case Plaintiffs rely upon for this point, *Brown v. City of Chicago*, 19-cv-04082, the Plaintiffs brought their motion within 6 months of their initial pleading when they did not know the decedent had passed away when they initially brought the litigation. *See Brown*, 19-cv-04082 (Dkt. 45).

8

## **CONCLUSION**

For the foregoing reasons, the Court adopts the R&R [Dkt. 175] and denies Plaintiffs' Motion to Appoint a Special Representative for Coughlin's estate.

                                                   *Virginia M. Kendall* 
                                                   Virginia M. Kendall
                                                   United States District Judge

Date: May 1, 2020