UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
Eastern Division

LaShawn Ezell, et al.
                          Plaintiff,
v.                                           Case No.: 1:18−cv−01049
                                                      Honorable Virginia M. Kendall
City of Chicago, et al.
                          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, September 2, 2020:

      MINUTE entry before the Honorable Jeffrey Cole: The plaintiffs have filed a motion to quash the defendant City of Chicago's subpoena to the IDOC and the CCDOC. The defendants seek an incredibly broad range of information, essentially any and all records, including all of the plaintiffs' phone conversations and recorded visits throughout the plaintiffs' lengthy incarcerations. They argue that all this is potentially relevant to plaintiffs' mental and physical state while incarcerated. In other words, in the years of recorded conversations, some bit of evidence about plaintiffs' state mind might possibly be revealed. But the subpoenas are so broad and all−encompassing that they are the very definition of a fishing expedition or of throwing darts in the dark. The plaintiffs proposed, in good faith negotiations, a two−stage process designed to narrow the sweep of defendants' subpoena, but the defendants rejected the proposal outright and the plaintiffs filed their motion to quash. After review of the parties' submissions, the plaintiffs' motion [227] is granted. The cases of *Pursley v. City of Rockford,* 2020 WL 1433827, at *2 (N.D. Ill. 2020); *Simon v. Nw. Univ.,* 2017 WL 66818, at *2 (N.D. Ill. 2017); and *Coleman v. City of Peoria,* 016 WL 3974005, at *3 (C.D. Ill. 2016) *provide the backdrop for granting the plaintiffs' motion to quash. In Coleman, also involving a subpoena for department of corrections phone recordings, the court denied the plaintiff's motion to quash, holding that "[i]n light of the relevance of the calls sought by the Defendants, and the difficulty in identifying the relevant calls, [plaintiffs'] lessened privacy interests [are] insufficient to quash the subpoenas." Coleman, 2016 WL 3974005, at *4. But, significantly, the subpoena in Coleman was narrowly tailored to target calls with a discrete set of eight individuals. It was nothing like the blanket subpoena defendants issued here. In Simon, the court dealt with a subpoena much more like the one in this case; it sought all calls over the entire period of the plaintiff's incarceration. The court contrasted &quot;the broad fishing expedition that [the] subpoena would allow with the more focused and narrowed request that the Coleman court faced", and quashed the subpoena. Simon, 2017 WL 66818, at *4. All the defendant in Simon provided was a broad generalization that the calls might contain relevant evidence, id.,and that is all the defendants provide here. The defendants are, as the Simon court put it, "throwing darts in the dark." Simon, 2017 WL 66818, at *4. Pursley, like Simon, dealt with a broad "all calls" subpoena. The court distilled the holdings of Coleman and Simon and, like Simon, quashed the broad subpoena. Despite the fact that there might well have been relevant evidence among years*

*of calls, the court held that "an assertion that the material sought may contain relevant information is insufficient to allow an unlimited subpoena." Pursley, 2020 WL 1433827, at \*4. "Saying so doesn't make it so." United States v. 5443 Suffield Terrace, Skokie, Ill., 607 F.3d 504, 510 (7th Cir.2010). Accord Madlock v. WEC Energy Group, Inc., 885 F.3d 465, 473 (7th Cir. 2018). Even the Solicitor General's unsupported assertions are not enough. Digital Realty Trust, Inc. v. Somers, _U.S._, 138 S.Ct. 767, 779 (2018) Clearly, what is involved here is a broad, unfocused subpoena like those in Simon and Pursley. It is, as the subpoenas in those cases, the epitome of a prohibited fishing expedition. Equal Employment Opportunity Comm 9;n v. Union Pac. R.R. Co., 867 F.3d 843, 852 (7th Cir. 2017). See generally cases collected in Sapia v. Bf. Of Education, 2017 WL 2060344, \*2 (N.D.Ill. 2017). The fact that it comes over two years into discovery [Dkt. #39] and just sixteen weeks before fact discovery closes [Dkt. #219] underscores the grasping–at–straws, throwing–darts–in–the–dark choose whatever analogy you like nature of the subpoena. Accordingly, the plaintiffs' motion to quash [227] is granted.Mailed notice* 2(yt)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.